IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| EUGENE LANDRY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WATSON PHARMACEUTICALS, ) <br> INC., a Nevada corporation, ) <br> WATSON LABORATORIES, INC., ) <br> a Nevada corporation, and WATSON ) <br> PHARMA, Inc., a Delaware ) <br> corporation, ) <br> ) <br> Defendants. ) <br> _____ ) | CV. NO. 11-00097 DAE-KSC |

ORDER GRANTING WATSON PHARMACEUTICAL INC.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
<u>FOR LACK OF JURISDICTION</u>

On August 5, 2011, the Court heard Watson Pharmaceutical Inc.'s ("WPI") Motion to Dismiss Plaintiff's First Amended Complaint for Lack of Jurisdiction ("Motion"). Charles H. Brower, Esq., appeared on behalf of Plaintiff Eugene Landry ("Plaintiff"); Thomas Benedict, Esq., appeared on behalf Defendant. After reviewing the motions and the supporting and opposing memoranda, the Court **GRANTS** Defendant WPI's Motion to Dismiss (Doc. # 15).

BACKGROUND

The instant action stems out of a lower back injury suffered by Plaintiff on March 10, 2008. ("FAC," Doc. # 12, ¶¶ 6–7.) Plaintiff alleges his physician prescribed him Fentanyl Transdermal ("FT") patches to relieve pain in his lower back. (Id. ¶ 7.) Plaintiff claims that the FT patches "were manufactured, sold, shipped, and distributed by" Defendant WPI, Defendant Watson Laboratories, and Defendant Watson Pharma (collectively "Defendants"). (Id. ¶ 8.) According to Plaintiff, Defendants subsequently recalled the FT patches sold in the United States as some were leaking fetanyl gel. (Id. ¶ 9.) Plaintiff claims that he "used patches manufactured, sold, shipped, and distributed by Defendants which were leaking fentanyl gel." (Id.) The leaking gel allegedly caused injury to Plaintiff. (Id. ¶¶ 10–11.) Plaintiffs seek to recover from Defendants in Negligence, Strict Products Liability, and Breach of Warranty. (Id. ¶¶ 12–28.)

Plaintiff alleges this Court has jurisdiction by virtue of diversity of citizenship. (Id. at 2.) Plaintiff is a resident of the State of Hawaii, (id. ¶ 1), while WPI is a Nevada Corporation with its principal place of business located in California. (Id. ¶ 2; "Kaufhold Decl.," Doc. # 15-2, ¶ 3.)

On February 2, 2011, Plaintiff filed a complaint. (See Doc. # 1.) On April 15, 2011, WPI filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. # 6.) In response, Plaintiff filed his First Amended Complaint. (Doc. # 12.) On May 19, 2011, WPI made a special appearance "solely for the purpose of moving this Court for an order dismissing plaintiff's claim against it" and filed the instant Motion. (Mot. at 1.) WPI again claims that Plaintiff has failed to demonstrate this Court has jurisdiction to hear Plaintiff's claims against it. (Id.) On July 22, 2011, Plaintiff filed an Opposition. ("Opp'n," Doc. # 34.) On July 29, 2011, WPI filed its Reply. ("Reply," Doc. # 35.)

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a complaint for lack of personal jurisdiction. A plaintiff has the burden of establishing jurisdiction over a nonresident defendant. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004); Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995). When, as here, a district court acts on a defendant's motion to dismiss without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Schwarzenegger, 374 F.3d at 800; Ziegler, 64 F.3d at 473.

In determining whether a plaintiff has made a prima facie showing of jurisdictional facts, the court must accept uncontroverted allegations in the complaint as true. Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). If the defendant presents evidence to contradict the allegations in the complaint, the plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction through affidavits and declarations. See id. Conflicts between the parties' affidavits and other discovery materials must be resolved in favor of the plaintiff. Id.

## DISCUSSION

I.  General and Specific Jurisdiction

In order to exercise personal jurisdiction over a nonresident defendant, the Court must consider whether: (1) the forum state has an applicable long-arm statute that confers jurisdiction over nonresidents; and (2) the assertion of personal jurisdiction comports with the constitutional requirements of due process. Miracle v. N.Y.P. Holdings, Inc., 87 F. Supp. 2d 1060, 1064 (D. Haw. 2000); Complaint of Damodar Bulk Carriers, Ltd., 903 F.2d 675, 678 (9th Cir. 1990). Hawaii's long-arm statute provides that a defendant is subject to the jurisdiction of its courts if a plaintiff's cause of action arises from one of the following acts:

4

> (1) The transaction of any business within this State;
> (2) The commission of a tortious act within this State;
> (3) The ownership, use, or possession of any real estate situated in this State;
> (4) Contracting to insure any person, property, or risk located within this State at the time of contracting.

Haw. Rev. Stat. § 634-35(a). The statute was designed to extend jurisdiction to the maximum extent permitted by the Due Process Clause of the Fourteenth Amendment of the United States Constitution. Cowan v. First Ins. Co. of Haw., 608 P.2d 394, 399 (Haw. 1980); see also Jenkins v. Whittaker Corp., 785 F.2d 720, 723 (9th Cir. 1986) ("Hawaii law gives jurisdiction to the full extent allowed by the Constitution.") Therefore, the jurisdictional analyses under state law and federal due process are the same. Complaint of Damodar Bulk Carriers, 903 F.2d at 679.

For the Court to exercise personal jurisdiction over a nonresident defendant, the defendant must have "minimum contacts" with the forum state such that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotations and citation omitted); Schwarzenegger, 374 F.3d at 801. The defendant's conduct must have been such that he should reasonably anticipate

being haled into court in Hawaii. See Harris Rutsky & Co. Ins. Servs., Inc., 328 F.3d 1122, 1130 (9th Cir. 2003).

Two forms of personal jurisdiction exist, general and specific. Dole Food, 303 F.3d at 1111. For general jurisdiction to exist,

> the defendant must engage in "continuous and systematic general business contacts," . . . that "approximate physical presence" in the forum state. This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world.

Schwarzenegger, 374 F.3d at 801 (quoting Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 416 (1984)). "Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) overruled in part on other grounds by Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199 (9th Cir. 2006) (en banc); see also Altman v. Republic of Austria, 317 F.3d 954 (9th Cir. 2002) (same). The assertion of general jurisdiction must always be reasonable. Amoco Egypt Oil Co. v. Leonis Navigation Co., 1 F.3d 848, 852–53 (9th Cir. 1993). The Ninth Circuit has set a high standard for general jurisdiction. See

Yahoo! Inc., 433 F.3d at 1205 (9th Cir. 2006); see also Schwarzenegger, 374 F.3d at 801 ("This is an exacting standard, as it should be, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world."). "Put another way, a defendant must not only step through the door, it must also sit down and make itself at home." Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006).

Where a person does not have sufficient contacts to support general jurisdiction, a court may still exercise specific personal jurisdiction over the person if the following requirements are met:

> (1) the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

Harris Rutsky, 328 F.3d at 1129 (citation omitted).

WPI submits a declaration as evidence to contradict Plaintiff's allegation that this Court has personal jurisdiction over Defendant. (See Kaufhold

7

Decl.) Therefore, Plaintiff must go beyond the pleadings and present affirmative proof of personal jurisdiction. Dole Food Co., at 1108. For the reasons discussed below, this Court finds that Plaintiff has not carried his burden with respect to either general or specific jurisdiction over Defendant.[1]

WPI's declaration asserts as follows:

- WPI has never manufactured nor distributed FT patch products.

- WPI has never been registered to do business in Hawaii and has never been required to designate and has not designated an agent for service of process in Hawaii.

- WPI has never transacted business in Hawaii.

- WPI has never maintained an office or business facility in Hawaii.

- WPI has never had any employees or agents in Hawaii.

- WPI has never owned, leased, or possessed any real or personal property in Hawaii.

- WPI has never paid taxes in Hawaii.

---

[1] The Court declines to convert Defendant's motion to dismiss into a motion for summary judgment. A party may submit evidence outside the pleadings when moving to dismiss for lack of personal jurisdiction. See Dole Food Co., 303 F.3d at 1108.

8

- WPI has never advertised or promoted FT patch products in Hawaii.

- WPI has never manufactured, sold, shipped or distributed FT patch products in or to Hawaii.

- WPI has never entered into any contract to manufacture sell, ship or distribute FT patch products in Hawaii or supply any services in Hawaii.

- WPI is a holding company that is the direct or indirect parent company of a number of subsidiary companies but is separate and distinct from any of its subsidiaries.

(Id. ¶ 4–11.) WPI's declaration makes clear that there is no contact between WPI and the State of Hawaii.

In response, Plaintiff attached to his four-page Opposition the following seven exhibits:

- A document which suggests WPI describes itself to the SEC as a leading global pharmaceutical company involved in manufacturing, marketing, sales, and distribution of generic brand pharmaceutical products.

- A document which states that a FT patch is a WPI product.

9

- A press release in which WPI announced it received approval from the United States Food and Drug Administration for a fentanyl transdermal system for the treatment of chronic pain.

- Two press releases announcing a recall of FT patches because they were leaking gel. One of the press releases states that the patches recalled were manufactured by Defendant Watson Laboratories, Inc., and distributed by Defendant Watson Pharma, Inc.

- Correspondences with Plaintiff and Plaintiffs' attorney regarding Plaintiff's claims about the FT patch.

(See Docs. ## 21-1; 22-2; 22-3; 22-4; 22-5; 22-6; 22-7; 22-8.) None of these documents, however, establish any relationship between WPI and Hawaii. Further, none of these documents establish that WPI purposefully availed itself of the benefits and protections of Hawaii. Indeed, at least one of Plaintiff's documents makes clear that WPI owns no property in Hawaii, bolstering WPI's position. (See Doc. # 21-1.). Plaintiff has not submitted one scintilla of evidence which contradicts or disputes any claim in WPI's declaration.

In light of WPI's declaration, as well as Plaintiff's failure to rebut it, determining that this Court has no jurisdiction over Plaintiff's claims against WPI

is academic. As discussed, with respect to general jurisdiction a defendant "must engage in continuous and systematic general business contacts . . . that approximate physical presence in the forum state." Schwarzenegger, 374 F.3d at 801. WPI's declaration makes clear, however, that WPI has <u>no</u> contact with Hawaii, much less "continuous and systematic" contact. None of the documentation provided to the Court by Plaintiff suggests anything to the contrary. The Court therefore plainly cannot conclude that Plaintiff has satisfied the "exacting standard" required to demonstrate the Court has general jurisdiction over WPI. Id.

Plaintiff has also failed to demonstrate that the Court has specific jurisdiction over Defendant. First, Plaintiff has proffered no evidence that WPI directs any activity toward the State of Hawaii, while WPI has made clear in its Declaration that it directs no conduct toward Hawaii. Plaintiff has therefore failed to satisfy the first requirement for demonstrating the Court has specific jurisdiction over WPI. See Harris Rutsky, 328 F.3d at 1129 (holding a plaintiff must demonstrate a defendant avails itself of the benefits of the state for specific jurisdiction). Moreover, even if WPI somehow did avail itself of the "benefits and protections" of the State of Hawaii through some contact with the state, there is a complete dearth of evidence suggesting that Plaintiff's claims arise from any such
11

contact. See id. Indeed, WPI's declaration again makes clear that this is not the case. Plaintiff has failed, therefore, to demonstrate that this Court has specific jurisdiction over WPI.

To the extent that Plaintiff attempts to assert jurisdiction over WPI through its subsidiaries, the Court remains unpersuaded. (See Opp'n at 4.) First, Plaintiff's evidence only demonstrates that Defendant Watson Laboratories, Inc. and Defendant Watson Pharma, Inc. produced and manufactured FT patches, not that either subsidiary[2] had "minimum contacts" with the State of Hawaii. (See Doc. # 5.) Moreover, the Ninth Circuit has stated that "the existence of a relationship between a parent company and its subsidiaries is not sufficient to establish personal jurisdiction over the parent on the basis of the subsidiaries' minimum contacts with the forum." Doe v. Unocal Corp., 248 F.3d 915, 925 (9th Cir. 2001); see also United States v. Bennet, 621 F.3d 1131, 1138 (9th Cir. 2010) ("[T]he fact that the parent indirectly owns or holds the stock of the subsidiaries does not, without more, convert these two corporations into general agents for the parent for jurisdictional purposes." (quotations, modifications and citations

---

[2] In actuality, Plaintiff presents no evidence which suggests that either of these corporations is a subsidiary of WPI. Plaintiff merely notes that both corporations are "presumably two of its subsidiaries." (Opp'n at 4.)

omitted)).  Thus, the Court cannot conclude that Plaintiff has established jurisdiction over WPI by virtue of either of its subsidiaries' contacts with Hawaii.  Accordingly, the Court **GRANTS** WPI's Motion.

II.     Dismissal without Prejudice

Pursuant to Rule 15(a)(2), courts should "freely give leave [to amend] when justice so requires."  Further, "requests for leave should be granted with extreme liberality."  Moss v. U.S. Secret Service, 572 F.3d 962, 792 (9th Cir. 2009).  "Dismissal without leave to amend is improper unless it is clear . . . that the complaint could not be saved by an amendment."  Id.  Although the Court has granted WPI's Motion, the Court has not reached the merits of the First Amended Complaint and does not here resolve whether Plaintiff has meritorious claims against WPI.  The First Amended Complaint is therefore **DISMISSED WITHOUT PREJUDICE**; Plaintiff may either amend his First Amended Complaint in this Court alleging facts sufficient to establish personal jurisdiction over WPI or may refile in another court of competent jurisdiction.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant WPI's Motion to Dismiss (Doc. # 15).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 9, 2011.

David Alan Ezra
United States District Judge

Landry v. Watson Pharmaceuticals, Inc, et al., Cv. No. 11-00097 DAE-KSC; ORDER GRANTING WATSON PHARMACEUTICAL INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF JURISDICTION